**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JUN 2 9 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE and TRAINING
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 14-14B, AFL-CIO by its TRUSTEES
EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN,
DON DeNARDO, RENZO COLLAVINO, DANIEL NOESGES,
DENISE M. RICHARDSON and JOHN F. O'HARE,

**DEFAULT JUDGMENT**

CV-11-1880 (JBW) (RER)

Plaintiffs,

-against-

CRIMSON CONSTRUCTION CORP.,

Defendant.

----------------------------------------------------------------------------X

This action having been commenced on April 15, 2011 by the filing of the Summons and
Complaint, and a copy of the Summons and Complaint having been personally served on
Defendant CRIMSON CONSTRUCTION CORP. ("CRIMSON") on May 26, 2011, by a Process
Server, personal service on Donna Christie, a representative in the Corporation Division of the
N.Y.S. Department of State and a person authorized to accept service, and proof of service
having been filed on June 6, 2011 through the ECF System, and Defendant CRIMSON
CONSTRUCTION CORP. not having answered the Complaint, and the time for answering the
Complaint having expired, it is,

**ORDERED, ADJUDGED AND DECREED:** That Plaintiffs ANNUITY, PENSION,
WELFARE AND TRAINING FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14 TRUST FUNDS") have judgment
against Defendant CRIMSON as follows:

(a) That Defendant CRIMSON shall cooperate in the performance of an audit by
Plaintiffs' representative, by providing the following payroll records for the period of November
19, 2007 through February 28, 2011: Tax Forms 941s; Quarterly Payroll Tax Forms a/k/a NYS-
45 Tax Forms; Corporate Payroll Records (including information identifying hours paid and
gross wages); Cash Disbursements Records; Tax Forms W-2s; Payroll Reports (provided to the



union or fund office, if applicable); and Canceled Checks, for the express purpose of determining whether there has been a deficiency in the required fringe benefit contribution payments to the Plaintiff Trust Funds;

(b) That Defendant CRIMSON shall pay any determined deficiency, as identified in the report to be issued by the Plaintiffs' representative, within thirty (30) days of receipt of notice of the deficiency from the Plaintiffs pursuant to its obligation in accordance with the underlying collective bargaining agreement as well as ERISA, 29 U.S.C. Section 1132(g)(2)(A), along with interest from the date on which such deficiency came due at the rate of 6.0% and statutory damages in the form of interest from the date on which such deficiency became due at the rate of 6.0%, pursuant to the terms and condition of the applicable Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS as well as ERISA, 29 U.S.C. Sections 1132(g)(2)(B) and (C)(i), respectively;

(c) That Defendant CRIMSON shall also pay the costs of said audit pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(E); and

(d) That the Plaintiffs are awarded attorneys' fees in the amount of $2,458.61, along with costs in the amount of $420.00, for a total liquidated amount of $2,878.61 pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D).

**ORDERED** that the Judgment rendered by the Court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant CRIMSON CONSTRUCTION CORP. and the Clerk of the Court is directed to enter such Judgment forthwith.

Dated: Brooklyn, New York
July 27, 2011

SO ORDERED:

_____
JACK B. WEINSTEIN, U.S.D.J.